JULY TERM, 1882, No. 146. . MAY 22, 1883.

## White *et ux. v.* Robinson *et al.*

1. The writ of *alias habere facias possessionem*, under the act of February 1, 1834, (Purd. Dig., 536,) ought not to be issued without notice to the party against whom it is directed.

2. Where such a writ has been issued without notice, and on application of the persons named therein, the Court, before execution, has inquired into the state of facts existing when it issued, and refused to stay the writ, such inquiry and refusal were substantially an order, *nunc pro tunc*, confirming the previous issuing thereof, and it will not be presumed that the evidence upon which the Court acted was insufficient to justify its conclusions.

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. CLARK, J., absent.

Error to the Common Pleas of *Huntingdon County.*

Ejectment by H. C. Robinson, Bruce X. Blair, John A. Blair, Annie J. Blair, and D. Blair, guardian of Sarah Blair, against Sarah Hockenberry and Johnston Henry, to recover possession of three lots of ground situated in the borough of Orbisonia.

Judgment was entered January 13, 1880, against the defendants for want of an appearance, and on June 14, 1881, the plaintiffs were put in possession by means of a *habere facias*, and the writ was returned executed.

On August 20, 1881, the plaintiffs filed a petition for an award of an *alias* writ of *habere facias possessionem* under section one of act of February 1, 1834, setting forth that on the day they obtained possession of the lots, "Sarah Neal, the real defendant, took a lease from them for the same at a certain monthly rent; . . . that since the execution of the aforesaid writ of *habere facias*, a certain Samuel White and his wife, Mrs. White, claiming under the said Sarah Neal, have got into possession of the house and lots," mentioned therein, "the said Sarah Neal having left the same." The writ was awarded the same day, and issued September 12, 1881. On October 3, 1881, the petition of Samuel White and Mrs. M. J. White was presented, setting forth, *inter alia*, a claim of title paramount to and distinct from that of the plaintiffs', alleging that the petition for the *alias* writ was presented without their knowledge, and praying for a stay of said writ until next Argument Court, so that the petition might then be presented to the judge thereof for a rule to show cause why the writ should not be quashed,

or for such order "as may be just and equitable."
Whereupon, execution was stayed, as prayed for, until
the next Argument Court, when, on consideration, Octo-
ber 25, 1881, the Court refused to further stay the writ.
White and wife then superseded the writ by means of an
appeal to and *certiorari* from the Supreme Court. At
May term, 1882, an appeal of White and wife to the
Supreme Court was quashed and the record returned.
On May 29, 1882, a second *pluries* writ of *habere facias*
was issued, served, and a levy was made on the personal
property of White, and on June 5, 1882, the same was
advertised for sale. On June 21, 1882, petition was again
made for a stay and stay refused, whereupon White and
his wife took this writ of error, assigning for error, *inter
alia*, (1) the decree of August 20, 1881, awarding an
*alias* writ of *hab. fac. poss.*; (2) the decree of October
25, 1881, refusing to stay the writ.

*T. H. Beers* for the plaintiffs in error.
The act of February 1, 1834, under which the plaintiffs
below presented their petition for the *alias hab. fac.
poss.*, was for the prevention of the "inconvenience
caused by the reëntry of the defendants, or persons
claiming under them," and not to affect the right of par-
ties claiming in their own right. The Court had power
to award the writ only "on cause shown." Act of Feb-
ruary 1, 1834, Purd. Dig., 536. Not having notice of the
decree awarding the *alias* writ until it was placed in the
hands of the sheriff, the decree is absolutely void as to
the plaintiffs in error, and restitution should be awarded
them: Breading *v.* Blocher, 5 C., 347; Ervine's Appeal,
4 H., 263; Hoffner *v.* Wynkoop, 1 Out., 130.
The writ itself is void: Cadmus *v.* Jackson, 2 Smith,
295; Patterson's Appeal, 1 W. N. C., 454.

*David Blair* (with him *John S. Blair*) for defendants
in error.
Under the writ of error, inquiry can only be had into
the proceedings antecedent to the execution of the origi-
nal *habere facias*: Ruhlman *v.* Commonwealth, 5 Binn.,
24; Commonwealth *v.* Beaument, 4 Rawle, 366; Hummel
*v.* Bishoff, 9 Watts, 431; Appeal of Northampton
County, 57 Pa., 452; Wellock *v.* Cowan, 16 S. &. R.,
318.
The whole complaint is that it does not appear by the
record that notice was given of the application for the
*alias habere facias*. To this the reply is that before any

execution thereof the plaintiffs in error were in Court, the writ was stayed, and at the regular term of Court all their applications were refused. The "cause shown" at the time of the allowance of the. *alias* was not, in the minds of the Court below, overcome by anything proved, alleged, or offered.

*T. H. Beers* in reply.

Error lies on an award of execution : Harger *v.* Comm., 2 Jones, 251.

OCTOBER 1, 1883.—PER CURIAM : The writ of *alias hab. fac. possessionem* ought not to have issued without notice, but notice was given before it was executed. On application by the plaintiffs in error, before it was executed, the Court inquired into the facts existing when it issued, and refused to stay the writ. This was substantially an order, *nunc pro tunc*, confirming the previous issuing of the writ. The evidence under which the Court acted is not before us. We will not presume it to have been insufficient to justify the conclusion at which the Court arrived. Care should be taken that no collusions be sanctioned whereby a third person shall obtain possession under the defendant after a judgment in ejectment and before writ of possession be fully executed.

Judgment affirmed.